Mr. Schaefer for the appellant, the court now for the athlete. Good morning, Your Honor. I'm Hyman Schaefer for Diag Human appellant. Your Honor, we're here for the second time on this case, and it bears repeating what kind of case this really is. This is a summary proceeding, supposedly, for confirmation of a foreign arbitral award. And in that context, we as the holder of the award have a very, very small burden of proof. Our burden of proof is to present the award, to present the arbitration agreement, and we get enforcement unless the defendant proves that the award is not available or barred by the convention, New York Convention, from being enforced. Now, in this case, the decision that we're looking at, the district court did something which no other court had ever done, no other person had ever claimed. What the district court did was, despite having the Czech Republic's motion to dismiss in front of it, decided on a ground based on what the arbitration agreement itself said, which in the district court's view precluded the arbitral award from ever becoming binding on the parties. And what the district court said was that under the party's arbitration agreement, which was made explicitly under the laws of the Czech Republic and its procedures, the mere service of a review request, presumably by either party, made the award non-binding, per se. Let's, let's, um, I understand that argument, but it's not particularly helpful for our reviewers to know. And ultimately, um, we're reviewing the holding of the district court, which is that the, um, the motion to dismiss was properly granted because the competent authority had, um, um, vacated or reversed the, the award that you were seeking to enforce, right? That's the ultimate rule. Well, I know, Your Honor. I mean, it's, it is true in a certain way. That statement, which is contained in a footnote, in which the court is choose any obligation to look at Czech law or its content, the district court says that the, uh, opinion, the resolution clearly and unequivocally stated that the final award was not binding. But the district court's opinion itself goes off on an entirely different basis. And it says that under the arbitration agreement, the arbitral award could never become binding because once the service of review request was made, either by DIAG or the Czech Republic, that makes the award non-binding, per se, and that the resolution, by dismissing the proceedings without coming to another award, meant that there was nothing for it to enforce under the New York Convention. That is actually the holding of the court. Well, well, you know, maybe I see it differently. But I think that the upshot of what the district court held and the upshot of what I conclude after reading the resolution myself is that the district court concluded that the review tribunal held that the partial award was res judicata with respect to the subsequent award that was called the final award. And therefore, that subsequent award was without effect because the arbitration should have been discontinued as of that, as of the part of the payment and satisfaction of the partial award. Yes. And that, in that, based on that, then the district court, in sum and substance, said that the award that you were seeking to enforce had been vacated by, you know, a competent tribunal. So, you know, we can parse what the district court said in this footnote or that footnote or whatever, but the upshot is that. What's wrong with that? What's wrong is that it is wrong on every conceivable basis. It's wrong on the check law. It's wrong if you read the resolution carefully. The resolution says, you know, and I quote the translation, I think, that your client proffered. It says the plea of res judicata is established. Yes, but there's no, the tribunal draws no conclusions from that whatsoever. What it then goes on to say is that notwithstanding that, whatever reason the tribunal thought that was true, they then go on to say that for reasons apparently having to do with what happened on interventions, there had been a waiver of arbitration. But if you read that resolution carefully, and it is carefully parsed linguistically by Judge Kodak, who's a Supreme Court Justice of Austria, he points out that the resolution, it fundamentally draws no conclusion from res judicata and moves on to a different ground and that the only thing you can possibly draw from that resolution is that the proceedings were dismissed. That has a very specific meaning. They've got an expert that says the opposite. Ultimately, you know, I don't know how much of any weight I give any of that. Ultimately, our job is to read this however ambiguous it is and try to construe it. But the court must read it in the context of Chet Law, and the Chet Law expertise that's in the record very clearly points out that there's a very clear, even admitted difference between an arbitral resolution and an arbitral award. A resolution is a procedural device which says, which means that the court that is looking at the appeal has no jurisdiction to act. And as the experts point out, you cannot simultaneously ever have a case where the court in effect rules that an award that exists is nullified while it's self-claiming lack of jurisdiction to review the award. But isn't the holding essentially that the arbitral tribunal that issued the 2008 final award didn't have jurisdiction itself because they should have discontinued the proceedings? That is nowhere stated, and it's not true. And the reason that's not true, Your Honor... What do you mean it's nowhere stated? It's stated in Section 4.5. No, what happens in 4.5 is that for whatever reason the tribunal thinks something has happened here with respect to arbitration and court proceedings, whatever conclusion the court to the award. But the award cannot be vacated. It cannot be nullified. Point to the language in 4.5 that says what you just said. In particular, I point you to A397. About eight lines down the sentence beginning with however, and then the following sentence that says in such a case, they had no other choice than to discontinue the arbitration on the principal intervention. So they're saying that I guess to the extent that this other intervener came in, they should have discontinued the intervention, or maybe they did. This is all very obtuse, but they end the paragraph by saying that the conclusions naturally apply also to the decision-making of the dispute between the parties of the original dispute. And then they say even though the plea of race judicata occurred earlier. Why shouldn't I conclude that to say that this review tribunal was saying that the arbitrators basically had no jurisdiction and should have discontinued the arbitration before reaching the 2008 final. Because regardless of what the reasoning says or does not say, the only thing that the panel can do under check law is to decide what happens to the award under review. The decreed paragraph, which is perhaps unlike our procedure, the decreed paragraph is what governs the rights of the parties. The decreed paragraph here says that the proceedings are dismissed. That means in check law that no review of this award took place without a review. Let me ask the question this way. So if we're looking at 4.5, here's how I'm looking at this. 4.4 has a bunch of language in it about race judicata. And if 4.4 were carried to its full conclusion, then you'd be in trouble. Because there's a bunch of stuff in there about how race judicata wouldn't be a good thing for you. At least we can agree on that. If you don't agree on that, I'm not understanding your position at all. But 4.4 at least has some language in it about race judicata that would be problematic. But I take your point that at the end of the day, the review tribunal didn't appear to do anything with it, vis-a-vis the underlying arbitration procedure. So they go on to 4.5. And in 4.5, the review tribunal explains why it's concluding that it doesn't have authority to act in this area and it's going to discontinue the proceeding. Now that we're in the land of 4.5, the question becomes, well, what is 4.5 doing? And under 4.5, as Judge Wilkins says, it appears that in 4.5, the reason the review tribunal is saying it lacks jurisdiction has to do with the interplay between the arbitral proceeding and the judicial proceeding to which it refers. And the logical upshot of what the review tribunal seems to be saying in 4.5 is that the arbitral proceeding shouldn't have happened either, at least at the final reward stage. They don't do anything with it, as far as I can tell. The review tribunal doesn't end up doing anything with that in terms of annulling the final award. You may have a position there. But the logical upshot of what appears to be the ground of 4.5 could have that consequence because it would mean that the arbitral proceeding never should have gone forward to the final award stage. Does that not seem right, that that would be the logical upshot of the rationale in 4.5? We don't know what they're talking about in 4.5, but one thing we do know... Wait, but you have to know. I mean, what do you think they're talking about in 4.5? What they seem to be saying is that there was some sort of court proceeding where an arbitration agreement was not fled in response to the proceeding, and therefore the court proceeded to do what it did, and the intervention really had nothing to do with any of this. The intervention was on behalf of non-parties to the proceeding altogether, and the court seems... I mean, the tribunal here seems to think that the court somehow ruled that the failure to plead the arbitration agreement has an effect on not the underlying proceeding, but on its own ability to review. Literally, the only clear statement in this resolution is that we lack a valid review request. Once they say that, under Czech law, it is impossible for them to... So I understand this argument. I will say to you, though, it may be enough to get you home. I'm not saying it's not. It seems very formalistic, because what you're saying is, I don't even know what this review tribunal is saying. I've read it in six languages. I have no idea what it's saying. All I care about is, at the end of the day, the bottom line is, they said they didn't have authority to pronounce a resolution on this review tribunal. That's all I need to know. I win. And you may be right about that, but suppose I care about the rationale of the review tribunal, and I think that you need to care, too, because the way I look at it, 4.4 has enraged you to cut a resolution that wouldn't be in your best interest. Your argument is, well, I'm upset about res judicata. It doesn't matter, because my resolution at the end of the day under 4.5 is, I don't have authority in this area, so I'm just absenting myself from this process. And then I care about the rationale in 4.5, whereby the review tribunal says, I don't have authority. What is that underlying rationale? Your Honor, what I would say about your perception is that you must divorce yourself from American jurisprudence and go into the Czech legal system, because the Czech legal system, unlike ours, is very formalistic. It must do things in a certain way. This is clear from all the expert opinions. Right. So that's why I'm saying that I – that's why I caveat everything I said by saying, I'm not saying you need to do this under Czech law. I understand your argument, and it may be that the formalistic – and I don't mean to be pejorative about that – the way in which you're pitching your argument may be right as a matter of Czech law. I'm just saying, if you can help me, suppose I want to look at it differently. And the way I look at it is, 4.4 has a res judicata exegesis, an explanation that seems to me like it's problematic for you. You have an argument that says, the review tribunal expounded on res judicata, and then at the end of the day says, basically forget everything I just said, because the ultimate resolution is that I don't have jurisdiction. And so the review tribunal absence itself under 4.5. I think what Judge Wilkinson – Judge Wilkins is getting to, what I'd like to get to, is the rationale in 4.5 by which the review tribunal says, I'm absenting myself from this, I don't have jurisdiction, seems to have consequences for the underlying arbitration proceeding, too, because the rationale would seem to be, there's a tug-of-war between a judicial proceeding and a parallel arbitral proceeding. It seems like, the way things went down, the judicial proceeding could have been stopped if the parties had raised the tendency of the arbitral proceeding as a red flag, but they didn't do it. So then the judicial proceeding takes precedence. And if that happens, then the arbitral proceeding is out. And that would seem to have implications for the final award, too. I don't believe so, Your Honor, because the award under review was already ongoing. At the time of this intervention, the parties to the arbitration, the principal parties to the arbitration, were in the midst of an arbitration that had been going on for ten years, more than ten years at that point. So when the interveners came in with some claim that they had a right to intervene, what the court said was that – what the arbitration, so therefore what that meant is that the court has jurisdiction, presumably, over the intervention action. But it can't really do anything about the underlying arbitration agreement, the underlying arbitration itself, which has been going on for some of the ten years. So what is the language on A397, that final full paragraph, the first sentence? It reads, However, due to all the reasons described above, the arbitrators had no other choice than to discontinue the arbitration. What does that sentence mean? What it means is that the arbitrators believe that they lack a valid review request. That's the only clear statement. They said that the arbitrators had no other choice past tense. Speaking about my belief is that they are speaking about the arbitrators who issued the final award. Well. Can we agree on that? I don't think so. Because I don't think – here's why we can't agree on it. Because in order for this panel to say that, it has to conduct a review which it claims it has no jurisdiction to do. The only way that you can vacate this award and check – you can't vacate it – if you conclude you are the review panel and you conclude that you lack jurisdiction to proceed, you cannot then render a merits decision on the underlying award. I have the same question. I thought, although it is framed in the past tense, and this could be an issue of translation, I understood that penultimate sentence to be a reference to the arbitrators who are issuing the review panel resolution and to say that we don't have authority. Even though it could, just as a matter of translation, it could be referring to what had already happened in the underlying arbitration. I thought that this sentence actually referred to what the review panel itself was saying about a comment order. That is what it's saying, and you can prove that because when the tribunal here, the review tribunal, discusses what had to happen when my client withdrew its review request, which is to discontinue the proceedings because they have no jurisdiction to do any of that. That's not exactly what they say, though. They say that a review that is being requested by the Czech Republic will ultimately, if found to have merit, will ultimately result in a discontinuation of the proceedings. They say that explicitly in their resolution. Well, they can say whatever, they can muse about anything, but the truth of the matter is that they must have jurisdiction to act. They're saying, as far as we can understand it, that if it were up to us in the first instance, we would have said it was raised judicata here. But the reason they can't say that is very simple. The 2002 award is itself confirmed, and it has raised judicata, and it's raised judicata is on the following. It's a partial award, which does, it says that there is a minimal agreed amount of damages, which we are now going to award. Other issues are left open for a final award, and... That's not the way they construed it. That's what it does. That's the way this review tribunal construed it. But they have no choice but to construe it. They can say what they want. Let me ask you this question. Let's assume that the review tribunal looked at this and said, we don't believe that the arbitral panel had authority to issue the 2008 final award because there was raised judicata and because they should have discontinued the proceedings once this intervention happened and the court asserted jurisdiction over this intervention dispute. And so that award, that 2008 final award is set aside. Let's suppose that was their intent. You're saying under check law, they would have had to have done that in a different way than what they did here. Explain to me what they would have had to have done. Yeah, and this is supported by Professor Bailalovic, who is the leading arbitral expert in check law. He has a leading treatise. He explains that in that situation where a review tribunal concludes that the original panel had no jurisdiction to proceed, first of all, the review tribunal itself assesses its jurisdiction. It takes the review. It says, we believe that the award is barred by raised judicata and we nullify it. Then they dismiss their own proceedings. They dismiss the review proceedings because having nullified the original award, there's nothing for them to review. That's not what this panel did. This panel said that it had- Isn't there a contrary expert opinion? I don't think on this point, I don't think anyone would disagree. This is perfectly clear under check law. The only difference, by the way, between the experts here is not on that. The question is whether that can be done by a resolution. In check law, if you're reviewing an award and you want to change it or you want to vacate it, you want to so-called nullify it, that is a merits review of the award, which implies that you've had jurisdiction to conduct a review to do that. We have a district court resolution that we're reviewing here where none of this was aired in the district court opinion. The district court concludes, the district court says it's not going to get involved in what check law says, but it's perfectly clear that the resolution, the only basis for the resolution is doing what it did is because it believed that the final award was lacking validity. The final award is nowhere, not once, mentioned in the resolution. Not once. And without all the agreement, all of the experts would agree that there is- What do you mean the final award was not mentioned once in the resolution? It's mentioned all over the race judicata section. There's no point to having section 4.3 if you're not discussing the final award. I'm sorry, 4.4. They even mention it in the duty to instruct section 4.3 because they talk about whether the motion for review was timely filed. And so they mention the 2008 award there because that starts the clock ticking for when there has to be a timely filing of a motion for review. The dispositive portion, which is the only thing that matters, does not mention the final award. There is- In other words, you're talking about- I'm sorry. You're talking about the first two sentences. That's correct. They are the controlling matters in Czech law. What you're calling the resolution. The reasoning definitely mentions the final award. Well, my point simply is this. First of all, in Czech law, you're not supposed to look at the reasoning at all unless the decretal paragraphs are ambiguous. Everyone agrees on that. There's no one who disagrees on that. Why aren't the decretal paragraphs ambiguous here? Because the proceedings are discontinued and no one gets caught. That implies that there's no jurisdiction. A resolution is issued- You just said that implies. That's not terribly useful language when you're saying it's clear on its face. The resolution says the proceedings are discontinued. A resolution has a specific point in Czech arbitral law, and this is by statute. The arbitration act is in the record. There are two things that happen in Czech arbitral law. There's an award, and in a case where there is no award, there is a resolution. The award, the way you measure what the award is, is that the award governs the rights between the parties. It adjudicates the rights between the parties. A resolution does no such thing. It dismisses something for procedural basis. If you go through and look at this resolution, you will find that there's not a single statement regarding the effect of the final award. In fact, this is exactly why a clause of legal effect is on that final award after all of this. Were these arguments aired in the district court? They were all before the district court. The only reason they're being argued on this appeal is because the district court had a footnote. I'm just wondering what led to that footnote. The footnote has a legal conclusion, and what led to that legal conclusion is the exact same arguments that are being aired today. Correct. I can't speak for the district court. We don't know for sure because the reasoning wasn't spelled out. The district court said that it wasn't going to do anything about check law, but it's clear to it. The issue has been briefed extensively in this court. Your Honor, with respect to raised judicata, no panel has the right to take away the raised judicata effect of the 2002 award, which everyone agrees has raised judicata effect. Incidentally, under check law, if you were to conclude that that's exactly what the resolution did, that in other words, it nullified the award and said the partial award was the final award, what would end up happening here is that the district court would, first of all, end up depriving my client of an entire segment of his case. In check law, the case is decided by the plaintiff. The plaintiff makes claims everything must be disposed of. The partial award says that certain things are not being disposed of, save for a final award. It also results in the district court robbing the 2002 award of its own raised judicata effect and substituting what the district court thinks the resolution should have said to achieve what the district court thinks the resolution wanted to do, but didn't. That is not something that a confirming court has any power to do on a proceeding like this. Okay, why don't we, once there are further questions, why don't we let your colleague present the resolution. I deserve some of this reply time. We'll give you a little bit of time, yeah. Good morning, your honors. May it please the court, Elena Fort on behalf of the Czech Republic. Diog Heumann opened his argument by noting that enforcement proceedings before the district court are supposed to be summary proceedings and that there's a very small burden of proof. However, under the New York Convention, which is the applicable law for the district court to apply and the standards set forth under the New York Convention, the district court is required and bound to look at the exceptions to enforcement that are applicable in that case. Can I ask you a question about the district court opinion? Let's assume footnote 9 wasn't in the opinion. Just assume it away. Are you defending what's left of the district court's opinion? Yes, your honor. So you think the way the arbitration agreement should be read is that any time a party triggers review, then it makes an underlying award non-enforceable. No, your honor. Because I don't think that looking at the district court's opinion and taking that interpretation, I believe, takes the opinion far beyond the four corners of the opinion and what the judge actually said. And what I think that she did, as far as the footnote versus what was concluded in the body, I guess we'll say, of the argument, is that initially and primarily the court focused on the plain language of the arbitration agreement, coupled with the overall outcome of the arbitral review proceedings. So the court noted the fact that a timely review application was submitted, that that review application ultimately was received by the arbitration review tribunal, that those proceedings came to a conclusion, and the proceedings were ultimately discontinued. And so the court looked at the plain language of the agreement, which says that if a timely application for review is submitted, then the arbitral award will not go into effect at that time. And throughout the pendency of the arbitral review proceedings, the award cannot be final, binding, and capable of enforcement. Once the review tribunal came to its conclusion on that timely submitted application for review and discontinued the proceedings, there's no award to enforce. In other words, but that all depends on what happened in the final review proceeding, in the review proceeding, right? Because you don't take the position, you and I might disagree on the way we read the district court's opinion, but it doesn't sound like you're taking the position that if the review panel mechanism was triggered, then that means, no matter what the review panel does, that the underlying arbitral award is incapable of enforcement. Right, and I don't think that's what the district court was trying to say. So even under your view, we have to look at what the review panel did in order to figure out whether the final award is enforceable. Yes, there has to be some, there has to be an outcome to the review proceedings. One of the factors, or circumstances, I should say, that DRQ pointed to in its appellate brief was if you look at how the district court interpreted the arbitration agreement, theoretically both parties could have submitted a request for review, or one of them, and withdrew it, and would try to prevent the arbitration award from ever coming into effect. However, that's not... Okay, let's get past that hypothetical, and let's say the review panel just says, we don't have authority, plain as day, we don't have authority to pronounce on this review. It's not because somebody withdrew it, nobody withdrew it, or at least one person didn't withdraw it. We just don't have request, it was out of time, whatever it is, the bottom line is, flat out, we're not pronouncing on anything about the merits of the award, we just don't have authority to pronounce on it at all. That's a conclusion, it's a proceeding that's triggered, and it results in a resolution. Do you think that that conclusion would mean, for the district court's rationale, that the final award is something that resolution or award was ultimately drafted? I'm telling you how the final review panel, the only thing that's relevant to me is it says, we don't have authority to pronounce on this petition for review. I don't know the exact language, but we don't have the authority to pronounce on this petition for review, so we're discontinuing the proceeding. We are not pronouncing on the underlying final award, because we don't have authority to pronounce on it. Are you saying this is as far as a hypothetical situation? Yes. In that circumstance, from a hypothetical standpoint, I assume if the court said we don't have authority to do any sort of merits review or make any sort of determination, like they did here, where they have a ratio to cut analysis. In that circumstance, I would assume that the review arbitration tribunal would say I don't have authority, discontinue or dismiss the proceeding, and the award would then not be altered or would come into effect, because there would be some sort of conclusion that says that it's not nullified, that there was no ratio to cut an obstacle, that there There's a legal issue that's lurking here, and it seems to me it's a legal issue under Czech law, and I'm wondering if you know the answer. Is it proper for an arbitration panel under the law, the Czech law, to issue a partial award with a final award to come later? Under Czech law, it's appropriate if the partial award is actually a partial award and is correctly awarded under the circumstances of Czech law that allow it to be a partial award. My understanding of Czech law is, and based on what the review arbitration tribunal determined based on Czech law, was that the specific circumstances that are spelled out under Czech law for when it's appropriate to have a partial award were not present here. And because they were not present here, and the partial award actually and effectively was a final award. Are you saying that if the parties in an arbitration agree that the claimant is entitled to say $10 million, and the disagreement is because the claimant is seeking $100 million, that the arbitrators can't issue a $10 million award and let the arbitration go forward for the larger amount? That interpretation seems to me to be embodied in the district court's opinion that endorses, or she endorses, that view of Czech law. And yet I don't see any citation or any exposition about what the Czech law is. Maybe there is no Czech law. On that specific issue that you just spelled out, I'm not sure. My understanding is that... Did the parties agree on the amount of the partial award? I thought they did. I think the partial award was just... The amount was awarded pursuant to an arbitration proceeding that resulted in a partial award. Did the claimant and the Czech organization agree you're entitled to whatever that... I've forgotten what the award was. Well, the partial award was... As the arbitration agreement allows, there's a built-in review procedure. So the partial award went out to an arbitration review tribunal as well and was ultimately affirmed and enforced. And then at that point, once it went through the necessary review proceedings and came back down, then the award was enforced and it was ultimately paid by the Czech Republic. But as far as a partial award... What triggered the second award? What triggered the second award? Yeah, was there... The final award. The final award. As far as my understanding is there was mostly interest, basically. It was amounts for interest that were outstanding and some other ancillary issues that were supposed to ultimately be decided by an additional award. I thought we were talking... I don't understand how it could be ancillary if the amounts were something like $10 million for partial and $300 million for final. The amounts and interest that were set forth in the final award are very, very large. But that's... My recollection of the partial award is that it spells out... Actually, I think I have the partial award in here. That it spells out... That it uses the phrase ancillary issues. And quite honestly, I can't really explain why the partial award was issued and why the final award came to be. And obviously, the underlying original arbitration panel thought that they could proceed and thought that they appropriately issued a partial award under check law. That ultimately was decided to be incorrect by the review arbitration panel on the resolution. I think that's very clear from the section that discusses race judicata. I was just trying to pull up the... I have the partial award right here. And it talks about other parts of the matter at issue, including ancillary rights and interest accrued as well as cost of the proceeding shall be decided upon in a final award. From my standpoint, the bulk of the damages and the underlying arbitration were decided by the partial award and they were ultimately paid by the Czech Republic and satisfied. And the additional issues, which aren't even actually spelled out in the partial award, which I think is one of the arguments as far as Czech law and why it does not appropriately constitute a partial award, that would be one of the issues that the review resolution board actually noted. And you're saying it doesn't appropriately constitute a partial award because of the race judicata explanation by the review panel? Yes. And just under the application of Czech law, my understanding is that a partial award can only be issued when there are... It's an award on... as to one party's claim when there's maybe multiple plaintiffs, multiple defendants, or when there's multiple actions at issue. Say it was, you know, you had a breach of contract claim and two other claims. And there was a partial award on just the breach of contract claim, for example. And then additionally, under Czech law, my understanding is that a partial award has to specifically spell out what it is reserving for a future and final award. And this award, based on the plain language that I just read, does not do that. And that was an additional issue under Czech law that the review arbitration panel found for determining that the partial award was actually, in fact, a final award when you look at... you know, when you take substance of reform. And that was the race judicata argument. Well, what about your friend on the other side's argument that the resolution makes clear in the two decreed paragraphs there, from numeral one and two, that the proceedings are discontinued, that that's essentially the holding, and it's a holding that they don't have jurisdiction. And so it can't really, under Czech law, result in vacating the final award. Well, first of all, Your Honor, and I think you might have spoke to this, but I don't view the decretal paragraph as being clear. I think that's very evident here, considering that there is a lot of dispute and there's different experts on both sides talking about what was meant and intended by the proceedings are discontinued. And I'm not going to be able to pronounce his name, but Professor Belychovic, I think it is, that is GRHuman's primary expert in this area. And he's probably the most renowned expert that was submitted by the Czech Republic. And even he concedes that the Arbitration Act itself does not specify when specifically an arbitration award has to be issued versus a resolution. And also another one of the Czech Republic's experts actually concedes that whenever the decretal paragraphs are not clear or are ambiguous, then you resort to the reasoning of the opinion. And here I think it was very appropriate to resort to the reasoning of the opinion. And once you do that, it's very clearly spelled out that there's a res judicata obstacle that was established. GRHuman does not dispute the plain language of the resolution, nor can it. But what I don't understand about the reasoning is this. Let's suppose we get past the resolution and get to the reasoning, per the argument that you just laid out. Then what if, conceptually, I don't understand why this can't happen. The review panel says, I don't have jurisdiction. There's a bunch of stuff I want to get off my chest about res judicata that I think just has to be out there because I don't want people to not understand that I'm overlooking res judicata. So I'm going to go ahead and spin out a bunch of stuff about res judicata. But I don't have jurisdiction. At the end of the day, that's the conclusion I'm coming to. But here's my exposition of res judicata. And then it expounds upon res judicata. And then at the end of the day it comes back and says, by the way, everything I told you, I firmly believe about res judicata. But my ultimate resolution here is that I said all that, but I don't have jurisdiction. So I'm just discontinuing the proceeding given my lack of jurisdiction. That seems at least theoretically possible as a way to reason through an arbitration resolution. And then the question becomes, is that what happened here? And there's some indication in the language of the resolution of the, I'm using the wrong language because I don't mean to be, meaning to say resolution is just those two sentences. It's just in the decision. There's some language in the decision that indicates that that's exactly what the review panel did. Because it says, and this is your translation, it says at page 552, and I'm looking at the paragraph right before 4.3, it says the plaintiff's plea thus cannot be upheld in this respect. This in no way prejudices the fact that the request for review of the arbitral award is in fact procedurally ineffective, only for completely different reasons. See below. So right there they're saying this request for review is procedurally ineffective, which I take it, I understand to mean we don't have authority to pronounce on it because it's procedurally ineffective. And then if you skip forward to 557, the first paragraph of 4.5, 4.4 is res judicata, which you rightly rely on. I can completely understand why you rely on the res judicata resolution because it's helpful to you. And the first paragraph of 4.5 under your translation, that's right after the res judicata conclusion, which says according to e.g. the ruling of the Supreme Court, an obstacle of res judicata is also established by a final arbitral award. The arbitrators are of the opinion that the obstacle was effectively established by the issue of the partial arbitral award, all of which is good for you because it says res judicata has been established. Then 4.5 starts and says nevertheless, the arbitrators can perform any assessment review only on condition that a procedurally effective request for review exists, which exactly tracks the language that we just talked about earlier, where they say look ahead, we're going to tell you why this is procedurally ineffective. In the interim, there's a bunch of stuff about res judicata that's really good for you. And then there's a paragraph that says nevertheless. In other words, whatever I might have just said about res judicata, the arbitrators can perform any review only on condition that a procedurally effective request for review exists. And then 4.5 proceeds to explain why a procedurally effective request for review does not exist. And then at the end of the day, what we're left with is a resolution that seems like the bottom line is a procedurally effective request doesn't exist, and therefore we don't have jurisdiction. The review arbitration tribunal addressed all of the allegedly procedural defective arguments that were raised by the IQM and with respect to the request for review. As far as the appropriate signature of the person that submitted the application for review, they resolved that. As far as the additional discussion of how it had to be initiated by a motion for review, and there was this duty to advise, but the duty to advise could not kick in theoretically until the motion for review was actually filed. The court ultimately went on to do an in-depth discussion of substantive versus procedural law and how when something is procedurally defective under a procedural law concept, that that in fact can be remedied. And I believe it was one of, it was not Professor Belahovic, it was another one of the IQM's experts that addressed this issue and said that the review arbitration tribunal essentially moved forward despite that procedural defectiveness and heard the review anyway, went through with the review process anyway. Because it was not a substantive issue, it was just a procedural defective issue, they basically waived that issue with their determination, came to the race judicata argument, and then ultimately discussed the almost separate argument, right, as far as whether the arbitration proceedings should have been discontinued previously because of this whole issue with the intervention. Well, so the whole issue with the intervention seems like it's doing all the work, though, because after the race judicata resolution, the next sentence says, nevertheless, which indicates to me that notwithstanding everything I just told you about race judicata, there's a procedural ineffectiveness problem here. And the procedural ineffectiveness of the interrelationship between the arbitration proceeding and the judicial proceeding, the upshot of which at the end of the day is it's a procedurally ineffective request to review before us, so we elect jurisdiction. Yes. And I mean, admit, I think everybody can agree, Your Honors, that this is not artfully drafted and that there are questions. But one thing that Czech Republic included in its telebrief was, and this is also based on a footnote, I understand that the district court specifically said that it did not roll on the foreign decisions in coming to its conclusion. But, Your Honor, as you noted in a previous argument from earlier today, this court is permitted to affirm on a different basis that was in the New York Convention that all looked at this resolution and declined to enforce the award based on the outcome of the arbitral review proceeding and what this resolution says. And there's one decision to go the other way? Is that right? Yes, Your Honor. And some of them, I think two of the opinions that were referenced by the Czech Republic in our appellate brief are still up on appeal. One appeal came down and affirmed in the Czech Republic's favor. That was submitted in a subsequent letter to the court of citation of supplemental authority. But we have other signatory countries who are bound to apply the standards set forth in the New York Convention. And there is a, it's favored among signatory countries that they interpret and apply the New York Convention in a similar fashion, arguably to prevent parties from forum shopping. And so there's an even more sound basis to recognizing res judicata and international comedy when we're talking about enforcing an arbitration award under the New York Convention. So, if the human can just find one country, I guess that has jurisdiction to enforce the arbitration agreement that will, whose courts will, you know, I guess interpret this review tribunal's resolution and reasoning the way that DA Heumann says it should be interpreted. It doesn't matter if there's ten other countries that have ruled the other way as long as the courts in that country will be a human's way and they can attach assets or whatever they need to do to try to satisfy that judgment. That's the way that this works. In essence, if there's kind of no sort of res judicata or conclusion that basically you have to fight this all over the world, any signatory country to the New York Convention, is that the way that this works? As far as enforcing an arbitration award, if you have the ability to bring an enforcement action in a particular signatory country, as you noted, because there's theoretically some sort of assets or something of the defendant that you can come after and claim in that signatory country, then a party certainly is allowed to go into that country and pursue an enforcement action. As Your Honors have seen from the various foreign proceedings that I've noted in the brief, that has happened in this case. So that's certainly taking place. As far as international comedy, the court's obviously not required. I believe the language is may look to those opinions as... Were those opinions that Brussels answered in or whatever, were they based on Czech law? Yes. Well, the opinions basically, the three opinions that the Czech Republic notes in its appellate brief were essentially very similar to what is taking place here, because they were actions that were filed to enforce the arbitration award, and the same sort of arguments came up before those courts, particularly with respect to the resolution and what the resolution in those cases, the courts determined. What I was wondering is if these other courts went beyond simply looking at the resolution and coming to a conclusion like the district court did here, and delved into Czech law of arbitration and partial awards and all the rest of it. As far as the issue of the I would submit that the reason for that is that the applicable law in respect to an enforcement action is obviously the New York Convention and the standards set forth under the New York Convention and then the law of the enforcing jurisdiction. Because what the district court was not being asked to do was to overturn or invalidate the award. That's not the district court's purview, and that's not the purview of these foreign courts either. They're just simply acting in an enforcement capacity. So therefore, the district... The background and an important aspect of the interpretation of this resolution is Czech law. If Czech law said that arbitrators are perfectly free to issue partial awards and that was established, then that would have, it seems to me, a bearing on how one looks at this resolution. Well, sure. Czech law is very important to the underlying arbitration proceedings. The arbitration agreement itself was concluded under the Arbitration Act and specifically says that proceedings will be conducted pursuant to that Act. The Act in Section 30 incorporates the Czech Civil Procedure Code and mandates that the Czech Civil Procedure Code be applied to underlying arbitration proceedings. I guess where I was sort of heading in my point was that nothing in the Arbitration Act and nothing cited by The district court is an enforcement court looking at the award and trying to determine whether or not one of the exceptions to enforcement that were appropriately raised by the Czech Republic applies in this instance, and that's what the district court did. I mean, isn't the job for the district court in this enforcement proceeding to try to ascertain what happened but not to review what happened to see if it was correct? Unless, of course, there's some sort of action that took place that violates public policy that falls within the exceptions to enforcement in the New York Convention. So in other words, let's suppose the reasoning of the review tribunal was absolutely wrong under Czech law, wrong as two left shoes. It doesn't really matter whether they did this incorrectly. Right? If we can ascertain what they did and the effect of what they did, even if they were wrong in doing it, don't we have to enforce it? Isn't that the way that this works? That's correct, Your Honor, and I think you hit the nail right on the head, and that, I believe, is very clearly spelled out in the Czech Republic's brief because DI Human focuses a lot, and a lot of the argument in its brief goes to the review arbitration tribunal shouldn't have done this or applied Czech law improperly, or if you look at Czech law, that actually can't happen. But none of that, as Your Honor said, matters for purposes of this enforcement proceeding. It seems to me just perfectly logical and common sense that the background of Czech law helps in interpreting what they did here. As far as understanding the reasoning portion of the resolution? It does, and again, I can't say that it's not relevant because it certainly is because the underlying arbitration proceedings that this award came out of were based in Czech law and were governed by Czech law. But what I'm saying is the district court's job is not to determine whether there was an error of law or fact in the decision of the review resolution. District court's job is to determine what the arbitrators did. Yes, and I think the district court's opinion does ultimately decide what the review tribunal did. I think we found one instance where this has happened, but I know that it's not what's supposed to happen in these cases. But is this a rare instance where we or the district court should ask the review tribunal, what the heck did you mean? If we can't figure it out? What are we supposed to do if we're not sure? Do we reverse? Do we affirm? Do we remand and kick the can down the road and tell the district court to try again? Or do we ask the review tribunal, can you clarify these two, three points? Honestly, Your Honor, I think that's probably a very unique, novel question that maybe has never come up. I don't know. Is it proper for the district court or this court to do that? Because isn't that essentially, I mean, are you asking the review tribunal to reconvene and make a decision on the merits again, or are you just asking for a purely advisory opinion? I don't know how that could, honestly, Your Honor, I would have to think about it, I guess, a little bit. Under the New York Convention, is the burden on you to show that the award shouldn't be enforced? That an exception applies? Yeah, so that's one way to break a tie, is that you look to see the party on whom the burden rests. To break the tie of? In terms of if it's not, can't kind of make out what's going on here. He's being diplomatic, but what he's saying is you lose if we can't figure it out. But isn't that, I mean, isn't that essentially depriving my client of the benefit of the resolution? Because, I mean, they didn't draft it. They can't help that if something wasn't particularly clearly drafted. That's just the way burdens work, is that you're trying to make use of a resolution, and the burden is on you to show that the resolution warrants an exception from enforcement. And so, I mean, I take your point that it would be great if the resolution was more clearly in your favor, because for you, at least, it would be great, because you wouldn't carry a burden. I mean, Your Honor, I would respectfully say, then, that we met that burden, because not only have we submitted expert opinions, I hear you, Your Honor, and I understand that, you know, whether or not you should be, you know, how much value or import you give to those expert legal opinions is within the court's purview, but we have certainly attached and filed legal expert opinions as well. We have also, throughout our brief, pointed to areas where DI Human's expert opinions actually make concessions that are helpful to our argument and support our argument. And in addition to that, we've also pointed to multiple jurisdictions who have grappled with the same questions that you, Your Honors, are dealing with today and that have sided with the Czech Republic. So from our standpoint, I guess I would argue that we've met that burden. Thank you. Thank you, Your Honor. Thank you, Counsel. We'll give you two minutes for rebuttal. There are many things I have to say in two minutes. First, Judge Randolph, I do want to explain that, yes, partial reward is available under Czech law. It's available in these circumstances. The Czech Republic, in the resolution, by the way, and this is discussed in the record, in the cases that the Czech Republic panel cites, they actually excise through ellipses the portions of the opinions which say that you can issue an award in these circumstances. One way or the other, however. Well, that's interesting that they, and I use that as simply a hypothetical because the way I read this resolution is that the prerequisites, whatever they are, for a partial award were not met. Your Honor, there is in the record Mr. Calvota's declaration which explains all this, what they did, how, but it's neither here nor there because the 2002 partial award was appealed by the Czech Republic and one of the grounds for the appeal was that a partial award was not available in these circumstances. No, no, I understand. Maybe I didn't finish my thought correctly. The way I read this is the prerequisites for a partial award were not satisfied. Therefore, we treat the partial award as a final award and you cannot appeal that because it raised you to cut. That's the way I read it. If they had the capability of so saying and they were that appealed panel, they might have said that, but they don't have power to do it because they say they don't have any possibility of conducting a review. But beyond that, the 2002 award was appealed on the very ground to an appellate panel, a prior panel. One of the grounds for it was that you could not issue a partial award in these circumstances. The appealed panel rejected that and that award is raised judicata in this case, which is why this review panel can't possibly upset that because that award is raised judicata and the substance of that partial award. Is that in the record? It is. Yes, it is. But aren't we getting into whether the review tribunal was right or wrong? Isn't that beyond what we're supposed to be doing here? No, because the appeals panel itself knows it can't do anything about that award. That's why they say nothing about raised judicata because even they know they can't do anything about it. They're saying, had we been the people involved in that appeals panel, we might have said this, but we can't. So we're now going to move on to something else. But there are all kinds of other issues here. I mean, there is a certain redolence to this resolution, which we haven't discussed. That's all in the record, too, with respect to what exactly happened after the resolution and what emerged after this resolution came out, which I'm not going to get into, but it's all in the record. I do want to address something else, however, and that is with respect to the question of what you can do to find out what they meant. We have that in the record because Mr. Schwartz, who was the administrative review panel arbitrator, told in response to our request that we put a clause of legal effect on. He explained, and this is in the record on pages 1151 through 54, here's what Mr. Schwartz had to say when the lower panel asked him what happened because we don't know, and I'll explain why that happens in check. He says, we decided that we did not have jurisdiction to review the final award, and the above proceedings were stayed by a resolution on staying, meaning they discontinued the proceedings. The award dated 4 August 2008 was not annulled, modified, or upheld. In my legal opinion, it became binding and came into legal force as it was not challenged judicially within the relevant time frames. And, therefore, he goes on to say that I think you can put a clause of legal effect on it, and we have that. It's in the record. May I interrupt you? You said a couple of things that I wonder. I think we both covered this ground. At the end of 4.4, your translation, the following sentence appears. The objections of the defendant that the decision formerly titled as partial is not actually such a partial decision must be agreed to. So the arbitrators here seem to be agreeing that the partial award was not really a partial award. In their view, however. Then the next section is entitled judicial proceedings, and in looking it over, this hasn't struck me before, but it seems to me that what that is is, okay, here's our decision on res judicata. Now let's take a look at what the law is that's given to us by the courts, and they go through all this. It almost looks like cut and paste stuff. I mean, things that were in prior decisions, and they cut it out and they put it in here. You've got all this fluff, which really doesn't have much to do with anything. There are analyses of this resolution, the Calvota Declaration, and the expert opinions, but I will say this. They had no power. If they're saying we would have done something different, that's one thing. But they can't do anything different because the 2002 partial award itself is res judicata. Yeah, you made that point a few times. I thought that the reason the 4.5 is called judicial proceedings or court proceedings is because it's an explanation by the review panel of why we lack authority, and the reason they say they lack authority is because of judicial proceedings, court proceedings. Because all they say in there, I mean, at some point somebody has to be able to tell us what this means. And what it seems to mean to me is that in 4.5 it's called judicial proceedings or court proceedings under the other side's translation because they're saying there were also court proceedings slash judicial proceedings going on parallel to the arbitral proceedings, and those court proceedings took precedence because the arbitral proceeding was never raised as a reason to stop the court proceedings from going forward. Therefore, we lack authority. It's difficult to say what they meant or didn't say. One thing that is clear is that they had no jurisdiction. Is that not what they said? I'm sorry? Is that not what they said? I can't really tell what they're saying. They seem to think that something that happened in intervention meant that they had no power to act. Right. For whatever reason. They could be wrong about that. They could be right. But one thing they conclude is that they lack jurisdiction to do anything. Right. In Czech law, the only thing you can ever appeal in Czech law, by the way, is the decreal paragraph. You can never appeal the reasoning. So the reasoning can be entirely wrong. If the result is correct, that's what happened. And incidentally, Judge Wilkins, you asked about res judicatum. In Czech law, in 2002, if the Czech Republic thought this was res judicatum, it had the right to go and the obligation to go to the Czech court system under Article 31 of the Arbitration Act and tell a court, this is what happened. Stop that proceeding. And it never did. And in fact, they never raised the objection whatsoever until I think 2010 or 11. If you look through the records, you'll see they never raised this before. This is something that seems to have been put in. But, Judge Wilkins, to address something that you asked before, a review panel, once it tithes something, has no jurisdiction anymore to do anything. There are only two things in Czech law that it does have the power to do, one of which is, if it happens to be the lower panel in this instance, had issued a final award which wasn't affected by a review, then the lower panel has put a clause of legal effect on it. That happens here. The other thing that a lower panel has is the power to deposit the arbitral file in a court. Those are the only things it can do. I wanted to ask you about that. Under Czech law, would you have had, or a Czech defendant, have the right to seek judicial review of this arbitration resolution? No. Because under the Czech system, a resolution is not something that can be reviewed by a court. Only an award can be reviewed by a court. This is all discussed in the expert opinions, their expert opinions, in the record on this point. So the answer to that is no, it's not reviewable by a court, which, by the way, can also account for why this panel did what it did the way it did, because they didn't want it to be reviewed by a court. But in any event, it's a confirmation proceeding in which it's the defendant's burden to prove that this award is not available to be confirmed. The fact that there are other decisions around the world, those are all local in the sense that, for example, the most recent one that the Czech Republic has pointed to in Amsterdam, in Holland, the reason that they did what they did was because of restrictions on what a court of cassation can do and cannot do on review. And certain arguments that Dyack made on that appeal were not in the record, so they couldn't do anything. The only opinion that has everything that Dyack has said, and the only opinion to rule on it, is the court in Luxembourg, the cassation court, which rejected all the Czech Republic's arguments and enforced the award. That's the most recent decision, and we put that in there as the court knows. I think I've covered all the open issues, but I'm happy to answer any other that the court has. Thank you, counsel. Thank you, counsel. Thank you. The case is submitted.
judges: Srinivasan, Wilkins, Randolph